## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JEROME BELL, JAMES SHEPPARD,**
**MARTEZE HARRIS, DOMONIC**
**BUTLER, MICHAEL DAVIS, RICKY**
**LAMBERT, JARMALE WALKER,** *et al*.                    **PLAINTIFFS**


**v.**                                               **Case No. 3:15-cv-00732-TSL-RHW**


**THE CITY OF JACKSON, MISSISSIPPI**                          **DEFENDANT**


## <u>FINAL JUDGMENT</u>

Based on the representations and agreement of the Parties, the Court orders the following:

1.      This Court has jurisdiction over this matter and authority to enforce the agreement

of the parties.

2.      The Parties to the Settlement Agreement attached hereto as Exhibit 1 are ordered

to comply with the terms set forth therein.

3.      The Plaintiffs' claims are hereby dismissed with prejudice subject only to the

ongoing authority of this Court to enforce the terms of the attached Agreement.


Ordered this the 20th day of June, 2016.


/s/Tom S. Lee_____
TOM S. LEE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| JEROME BELL, JAMES SHEPPARD, MARTEZE HARRIS, DOMONIC BUTLER, MICHAEL DAVIS, RICKY LAMBERT, JARMALE WALKER, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF JACKSON, MISSISSIPPI <br><br> Defendant. | Case No. 3:15-cv-00732-TSL-RHW |

## AGREEMENT TO SETTLE CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF

COME NOW the PARTIES to this Settlement Agreement, the Plaintiffs in the above-styled action and the Defendant City of Jackson ("the City"), and, for good and valuable consideration, enter into this Agreement as a full and final settlement of all of the Plaintiffs' claims for declaratory and injunctive relief.

WHEREAS, the Plaintiffs take the position that the City is responsible and liable for – and capable of preventing and remedying in the future – the constitutional violations alleged in this Civil Action, which the Plaintiffs contend involve various City officials, employees, and agents; and

WHEREAS, the City denies the Plaintiffs' allegations and any liability for the claims raised by the Plaintiffs; and

WHEREAS, the Plaintiffs and the City enter into this Agreement in an effort to resolve this case efficiently, fairly, and without costly litigation;



EXHIBIT
1

NOW, THEREFORE, THE CITY agrees to the entry of a declaratory judgment by the Court, as set forth below:

> It violates the Constitution to incarcerate an individual, either before or after trial, solely because an individual does not have the ability to make a monetary payment. *See Bearden v. Georgia*, 461 U.S. 660 (1983); *Cassibry v. State*, 453 So.2d 1298 (Miss. 1984); *Thompson v. City of Moss Point*, 1:15cv182-LG (doc. no. 18) (S.D. Miss. November 6, 2015). Based upon this constitutional principle, no individual may be held in jail for nonpayment of fines, fees, and/or costs imposed by a court without a determination, following a meaningful inquiry into the individual's ability to pay, that the individual willfully refuses or willfully failed to make payment. The meaningful inquiry into the individual's ability to pay includes, but is not limited to, notice, an opportunity to present evidence.

Furthermore, THE CITY agrees that all misdemeanor cases in the City of Jackson's Municipal Court ("Municipal Court") will comply with the following principles and procedures:

1.     No defendant will be incarcerated or detained solely because of the inability to pay any court-ordered monies, including fines, fees, court costs, or a monetary bond. *See Bearden v. Georgia*, 461 U.S. 660 (1983). *See also Cassibry v. State*, 453 So.2d 1298, 1299 (Miss. 1984) ("[I]t is established beyond per adventure that an indigent may not be incarcerated because he is financially unable to comply with an otherwise lawfully imposed sentence of a fine."); *Thompson v. Moss Point*, 1:15-cv-00182-LG-RHW, Declaratory Judgment (doc. no. 18) (S.D. Miss. Nov. 6, 2015) ("No person may, consistent with the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, be held in custody after an arrest because the person is too poor to post a monetary bond.").

2.     No defendant will be incarcerated for the failure to pay any court-ordered monies, including fines, fees, and court costs, unless a Municipal Court judge makes written findings, after appointing counsel to represent the defendant and conducting a hearing in a manner consistent with *Bearden v. Georgia*, 461 U.S. 660 (1983), *Turner v. Rogers*, 131 S. Ct. 2507, 2520 (2011), and Miss. Code Ann. § 99-19-20, that the defendant has the ability to pay and the

failure to pay was willful. Moreover, as discussed in paragraph 24 of this Agreement, the City will implement a system of graduated sanctions for those cases in which a Municipal Court judge makes a written finding that a defendant has willfully failed to pay court-ordered monies.

3.     Financial Hardship Forms (attached as Appendix 1) shall be made available to defendants at all Municipal Court proceedings. At the beginning of each court session, Municipal Court personnel or a Public Defender shall announce the availability of such forms and advise all defendants that they may complete a Financial Hardship Form in order to allow the Court to consider financial conditions at the time of sentencing. The Municipal Court judges shall also advise each defendant of the availability and purpose (as explained in this Agreement) of the Financial Hardship Forms when his or her case is called. Defendants shall be offered the assistance of a Public Defender or court appointed attorney when completing the form.[1]

4.     When a defendant is adjudicated guilty, by plea or by trial, for an offense for which a Municipal Court judge has the discretion to impose a fine, the judge shall conduct an individualized inquiry into the defendant's ability to pay before determining the amount of the fine, if any, that will be imposed. In all such cases:

   a. The Municipal Court judge shall inform the defendant of the maximum fine(s) authorized by law, or the maximum fine(s) that the judge is considering imposing on the defendant (if less than the amount authorized by law), and the related fees and costs.

   b. The Municipal Court judge shall inquire as to whether the defendant has completed a Financial Hardship Form and shall explain its use in sentencing. If a defendant has completed such a form, it shall be provided to the judge for consideration. If a defendant has not yet completed a Financial Hardship Form

---

[1] Under no circumstances will a defendant be required to consult with an employee of the City Prosecutor's Office.

and wishes to do so, the defendant shall be provided an opportunity to complete the form with the assistance of a Public Defender or court appointed attorney.

c. Financial Hardship Forms are submitted under penalty of perjury.

d. The Municipal Court judge shall consider the information in the Financial Hardship Form in determining the amount of the discretionary fine, if any, that will be imposed. The fine, if any, shall be proportionate to the defendant's ability to pay. The judge shall not assess any discretionary costs or fees on a defendant who meets the objective definition of indigence provided in paragraph 7 of this Agreement.

e. No person will be sentenced to a term of incarceration because s/he lacks the ability to pay a fine(s), fees, or costs.

5. When fines, fees, and/or costs are imposed by a Municipal Court judge, the judge shall ask the defendant if s/he can afford to pay the full amount of the fines, fees, and costs on that same day. If the defendant states that s/he is able to pay the full amount of the fines, fees, and costs on the same day, the defendant will be informed how to make the payment. When the defendant pays the full amount of the fines, fees, and costs, s/he will receive a receipt confirming that the judgment has been satisfied (a copy of which will be placed in the court file), and the case will be closed. The receipt will include the defendant's name, the case number(s), and the date the judgment was satisfied.

6. If, following inquiry by a Municipal Court judge, a defendant states that s/he is unable to pay the full amount of a fine(s), fee(s) or cost(s) on the day it is imposed, the Municipal Court judge shall consider the information in the defendant's financial hardship form

(attached as Appendix 1) in determining a reasonable time and method of payment.[2]  If the defendant meets the objective definition of indigence provided in paragraph 7 of this Agreement, the judge and the City shall provide the defendant with the option of satisfying the judgment by: (i) paying off the judgment in monthly payments of $25.00 or less; or (ii) performing community service at a fixed hourly rate of at least $9.00 per hour or the state or federal minimum wage, whichever is highest.

7.     The Municipal Court shall use the current Federal Poverty Guidelines ("FPG") when making indigence determinations, and there will be a presumption of indigence when a defendant's income is at or below 125% of the FPG, subject to a review of his or her assets.  A defendant at or below 125% of the FPG without substantial liquid assets available to pay fines, fees, and costs will be deemed indigent.  In determining whether a defendant has substantial liquid assets, the judge will not consider up to $10,000 in tangible personal property (including motor vehicles, household goods, cash on hand, etc.) or any other assets or monies exempted from seizure under execution or attachment by Miss. Code Ann. § 85-3-1.  If the defendant is above 125% of the FPG, the judge will make an individualized assessment of his or her ability to pay based on the totality of the circumstances, including but not limited to the defendant's disposable income, financial obligations, and liquid assets.  If the judge determines that a defendant who claims indigence is not indigent, the case file shall include a written explanation of the basis for the judge's determination.

8.     In no event will a defendant be charged extra fees or costs, or otherwise be penalized, for participation in a payment plan or community service plan.

---

[2] If for some reason the defendant has not already completed a Financial Hardship Form, s/he will be given an opportunity to complete the form with the assistance of the Public Defender or some other designated City employee(s). The defendant will complete the financial hardship form under the penalty of perjury and will submit the form to the judge.

9. If a defendant chooses the option of community service, the weekly requirement shall be a minimum of eight (8) hours and a maximum of twenty (20) hours of community service. However, a judge may order more hours of weekly community service at the request of the defendant. When imposing community service, the judge shall take into consideration the work or school schedule (and other obligations) of the defendant (proof of which shall be provided by the defendant) and shall not require the defendant to perform community service at a time that conflicts with the defendant's work or school schedule.

10. In order to allow defendants to attend school, maintain employment, or seek employment while completing community service, the City's Municipal Court community service program shall be expanded within 120 days of execution of this Agreement to include evening and weekend shifts. During that 120-day period, defendants whose class schedule, employment, or search for employment necessitates weekend and evening shifts shall not be ordered to appear initially for community service until after August 31, 2016. If after 120 days accommodations have not been made for evenings and weekends, and if the defendant still desires such, then the defendant shall be allowed to perform less than eight (8) hours per week to fulfill his/her community service requirements until accommodations become available.

11. The City will provide reasonable accommodations such that qualified individuals with disabilities may participate in its community service program. *See* Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12131 *et seq.*

12. When a defendant is placed on a payment plan or community service plan, the judge will explain the terms of the plan to the defendant in open court. The judge will ensure that the defendant understands the terms of the payment or community service plan and a written copy of the plan will be provided to the defendant. No defendant will be asked to sign a payment

plan agreement or community service plan agreement until the terms of that agreement have been explained to him or her by the judge or the Public Defender or court appointed attorney.

13.     Upon being placed in the community service program, the Court shall provide to the defendant in writing the address to which a defendant must first report for community service, the date and time on which s/he must first report for community service, and the telephone number of the community service coordinator(s). Upon first reporting for community service, a written community service plan shall be provided to the defendant by either the City or the entity at which the assigned community service will be performed.

14.     Each written copy of a payment or community service plan shall include: (i) notice that no defendant will be incarcerated for the _inability_ to comply with the terms of a payment or community service plan; (ii) notice of the defendant's obligation (discussed in paragraph 15 of this Agreement) to notify Court Services of any changes to his or her mailing address; (iii) notice of the defendant's right (discussed in paragraph 17 of this Agreement) to adjust his or her payment or community service plan based on a change in his or her circumstances; (iv) notice of the defendant's rights (discussed in paragraphs 18 and 19 of this Agreement) to request a free paper copy of his or her payment or community service record and to challenge the Municipal Court's record of his or her payments or community service; (v) notice of the graduated sanctions (discussed in paragraph 24 of this Agreement) that may be imposed for _willful_ failures to comply with the terms of a payment or community service plan; and (vi) the telephone number and mailing address for Court Services.

15.     When a defendant is placed on a payment plan or community service plan, the Municipal Court judge or a designated Court Services staff member will confirm the defendant's mailing address and telephone number(s) (including any cell phone number(s)). This information will be recorded in the defendant's case file(s). The written copy of the payment or

community service plan will inform the defendant of his or her obligation to notify Court Services of any changes to his or her mailing address or telephone number(s). The lack of a mailing address or telephone number will not be a basis for refusing to place a defendant on a payment plan or community service plan.[3]

16.      The Municipal Court will keep an accurate record of a defendant's debts, payments, and/or community service hours. Upon request, the Municipal Court shall provide a written receipt for any payment. An accurate record of the hours of community service performed by each defendant on a community service plan will be submitted to the Municipal Court by its community service program coordinator(s) and/or the entity at which community service is being performed.

17.      A defendant on a payment plan or community service plan may appear at the Court Services window on any Tuesday or Thursday morning between 9 a.m. and 10 a.m. to be placed on the docket for a hearing that same day before a Municipal Court Judge to adjust his or her plan, or to switch to a payment plan or community service plan, based on a change in his or her circumstances.

18.      At any time, a defendant on a payment plan may request from Court Services, and shall be provided, a free paper copy of his or her payment history. A defendant who wishes to contest the Municipal Court's record of his or her payments may appear at the Court Services window on a Tuesday or Thursday morning between 9 a.m. and 10 a.m. to be placed on the docket for a hearing that same day before a Municipal Court Judge.

19.      At the end of each month, the City's community service program coordinator(s) or the entity at which community service is being performed shall make available, upon request,

---

[3] The defendant may be asked to provide alternate contact information such as the phone number or mailing addresses of relatives or friends with whom the defendant is in regular contact. This information shall be provided as a matter of convenience, and communication to any such phone number or address shall not be deemed notice to the defendant.

to each person on a community service plan a free copy of his or her community service history. A defendant who wishes to contest the record of his or her community service may appear at the Court Services window on a Tuesday or Thursday morning between 9 a.m. and 10 a.m. to be placed on the docket for an appearance that same day before a Municipal Court Judge. The Municipal Court Judge shall then set a date for a hearing at which both the defendant and the defendant's community service program coordinator shall be afforded an opportunity to address the Court regarding the defendant's community service history.

20. If a defendant on a payment plan fails to make a scheduled monthly payment, Court Services will mail written notification of the alleged missed payment to the defendant within thirty (30) days of the missed payment due date. The notification will inform the defendant of his or her right to appear at the Jackson Municipal Court on a Tuesday or Thursday morning within thirty (30) days of receipt of that notification for the purpose of participating in a hearing before a Municipal Court judge at which s/he may explain or challenge the alleged missed payment and request a continuation of, or an adjustment to, his or her payment plan. The written notification also will inform the defendant that his or her ability to pay will be considered at the hearing and that no person who is unable to pay to due to indigence will be incarcerated for a failure to make a payment. A copy of the notification will be placed in the defendant's court file(s).

21. If a defendant on a payment plan fails to make two consecutive monthly payments and fails to request a hearing to explain or challenge the missed payments, the Municipal Court may personally serve a written notice to the defendant (the City of Jackson may refer to this written notice internally as a "field release warrant"), directing him or her to appear at the Jackson Municipal Court on a date certain for a hearing at which s/he will be required to show cause why he or she should not be held in contempt for failing to comply with the terms of his or

her plan.  No person shall be detained or incarcerated at the time such written notice is served. The written notice shall inform the defendant that failure to appear as instructed may result in the issuance of a warrant for his/her arrest.

22.  If a defendant on a community service plan fails to perform the requisite community service hours in a particular month, Court Services will mail written notification of the alleged failure to the defendant within fourteen (14) days of the end of that month or within fourteen (14) days of notice to Court Services of the failure to comply.  The notification will inform the defendant of his or her right to appear at the Jackson Municipal Court on a Tuesday or Thursday morning within fourteen (14) days of receipt of that notification for the purpose of participating in a hearing before a Municipal Court judge, at which s/he may explain or challenge the alleged failure and request a continuation of, or an adjustment to, his or her community service plan.  A copy of the notification will be placed in the defendant's court file(s).

23.  If a defendant on a community service plan fails to perform the requisite community service hours for two consecutive two-week periods, the Municipal Court may personally serve a written notice to the defendant (the City of Jackson may refer to this written notice internally as a "field release warrant"), directing him or her to appear at the Jackson Municipal Court on a date certain for a hearing at which s/he will be required to show cause why he or she should not be held in contempt for failing to comply with the terms of his or her plan. No person shall be detained or incarcerated at the time such written notice is served.  The written notice shall inform the defendant that failure to appear as instructed may result in the issuance of a warrant for his/her arrest.

24.     If, following a hearing at which the defendant is present and represented by a

Public Defender (or retained counsel), a Municipal Court judge makes written findings[4] that a

defendant has <u>willfully</u> failed to make a monthly payment(s) or <u>willfully</u> failed to perform

community service hours, the judge may:

a.  Warn the defendant that further <u>willful</u> failure to comply with the terms of his or her payment or community service plan may result in his or her incarceration; and/or

b.  Modify the terms of the defendant's payment or community service plan to enable the defendant to comply with the plan; and/or

c.  Incarcerate the defendant at the Hinds County Detention Center or Hinds County Penal Farm (or other detention facility) for up to two (2) days for the FIRST finding of <u>willful</u> failure(s) to comply with the terms of his or her payment or community service plan;[5] or

d.  Incarcerate the defendant at the Hinds County Detention Center or Hinds County Penal Farm (or other detention facility) for up to seven (7) days for the SECOND finding of <u>willful</u> failure(s) to comply with the terms of his or her payment or community service plan;[6] or

e.  Incarcerate the defendant for one day for each $100 of his or her outstanding indebtedness at the Hinds County Detention Center or Hinds County Penal Farm (or other detention facility) for the THIRD or subsequent finding of <u>willful</u> failure(s) to comply with the terms of his or her payment or community service plan.[7]

f.  Defendants incarcerated for a third willful failure to comply with the terms of his or her payment or community service plan shall be given credit toward their debt to the City at the rate of $100 per day if they are willing and able to participate in

---

[4] Written findings shall include a comprehensive statement of reasons for the Court's determination, and the factual bases thereof, sufficient to allow a reviewing court to determine the propriety of the judicial finding or action.

[5] The defendant's debt to the City shall be reduced by at least $100 for each day of incarceration.

[6] The defendant's debt to the City shall be reduced by at least $100 for each day of incarceration.

[7] If the amount of unpaid debt for fines, fees, and costs is in an amount not a multiple of 100, an additional day of incarceration may be ordered or the Court can permit the defendant to pay the remaining amount less than $100 and avoid the additional day of incarceration. For example, a defendant with $1,200 of debt for fines, fees, and costs may be incarcerated for up to 12 days at a detention facility for the third judicial finding of <u>willful</u> failure(s) to comply with the terms of a payment or community service plan. A defendant with $875 of debt to the City may be incarcerated for up to nine days or pay $75 and limit his or her incarceration to eight days.

a detention center's work program. Defendants who are unable to participate in the work program as a result of some disability will also be given credit toward their debt to the City at the rate of $100 per day.[8] Defendants who are able to participate in the work program, but willfully refuse to do so, shall be given credit at the rate of $25 per day. In the event a defendant incarcerated for a third willful failure to comply with the terms of his or her payment or community service plan has an outstanding balance after any term of incarceration imposed by the Court, the Court may then (i) waive the outstanding balance or (ii) place the defendant back on a payment or community service plan as described in this agreement.

A defendant's aggregate term of incarceration for a conviction and any failure(s) to comply with a payment or community service plan related to that conviction may not exceed the maximum term of incarceration authorized by statute for the underlying offense. *See* Miss. Code Ann. § 99-19-20(2)(b).

26. If a defendant is incarcerated for a willful failure to comply with the terms of a payment plan or community service agreement pursuant to paragraph 24 of this Agreement, the defendant shall be released immediately upon payment of his or her outstanding debt for fines, fees, and costs.

26. Only in those cases in which the Court has made written findings of willful failure to comply with the terms of a payment or community service plan may the Court, in its discretion, impose a fine for "contempt" in an amount not to exceed $100 and/or a warrant fee in an amount not to exceed $25.

27. Copies of the Municipal Court judge's written findings regarding the willfulness of the failure to comply with the terms of a payment plan or community service plan shall be provided to the defendant and placed in the court file. When incarceration is ordered, a copy of the judge's written findings shall also be provided to the Hinds County Detention Center or

---

[8]Defendants who are incarcerated under this paragraph shall be asked by the sentencing judge, prior to their incarceration, whether there is any limitation on their ability to work while incarcerated. All defendants who are receiving disability benefits from any governmental entity shall be presumed unable to work. As to all other defendants, the Court shall make written findings regarding the determination of a defendant's claim that he or she is unable to work while incarcerated.

Hinds County Penal Farm (or other detention facility) within 48 hours of the defendant's admission.[9]

28.     If, at any time, a Municipal Court judge concludes that a defendant is unable to comply with the terms of a payment or community service plan due to indigence and/or disability, the judge will revoke the fine(s) in whole or in part pursuant to Miss. Code Ann. § 99-37-11 ("Relief from payments"). If the entire amount of the fine is revoked, the case will be closed.[10]

29.     When a defendant has satisfied his or her debts in a particular case, s/he will receive a receipt showing that the judgment has been satisfied (a copy of which will be placed in the court file), and the case will be closed. The receipt shall include the defendant's name, the case number(s), and the date the judgment was satisfied.

30.     Within 48 hours of the entry of this Agreement, all persons currently incarcerated by the City at the Hinds County Detention Center and the Hinds County Penal Farm (or other detention facility) for the failure to pay fines, fees, and costs assessed by the Municipal Court shall be brought before a Municipal Court judge and released on a payment plan or a community service plan that complies with the terms of this Agreement.

31.     Following the entry of this Agreement, any person on an existing payment plan or community service plan, or who otherwise has outstanding debts for fines, fees, or costs assessed by the Municipal Court, shall be permitted an opportunity to appear before a Municipal Court judge to be placed on a payment plan or community service plan that complies with the terms of this Agreement. All persons who appear at the Municipal Court to submit payment pursuant to

---

[9] If a defendant appeals the Municipal Court judge's determination of willfulness and the order of incarceration is stayed pending appeal, the written findings of the Municipal Court shall be provided to the Hinds County Detention Center or the Hinds County Penal Farm at the time of admission following an unsuccessful appeal.

[10] *See* Atty. Gen. Op. No. 98-0209, *Honorable Steve Little*, 1998 WL 224290 (Miss. A.G. Apr. 17, 1998) (a court may revoke a fine pursuant to Section 99-37-11 when a defendant is "indigent" or has "a permanent physical disability").

an existing payment plan shall be provided with a flyer advising them that they may appear at the Municipal Court on any Tuesday or Thursday between 9:00 a.m. and 10:00 a.m. and be added to the docket so that they may appear before a Municipal Judge to be placed on a new payment or community service plan that complies with the terms of this Agreement. All persons on existing community service plans shall be provided with the same flyer. The City shall also provide notice of the right under this Agreement to be placed on a payment plan or community service plan by posting the flyer on the front doors of the Municipal Courthouse and on the Municipal Court's payment window and by posting the flyer on the City's official website. No person who requests to be placed on a payment plan or community service plan that complies with the terms of this Agreement will be jailed for a prior failure to comply with a payment plan or community service plan.

32.     No person shall be arrested or incarcerated pursuant to existing warrants for alleged unpaid fines, fees, or costs. Any person with such an outstanding warrant who is stopped or otherwise detained by law enforcement shall be issued a "field release" that sets forth in writing the date and time when that person is to appear in Court to be placed on a payment or community service plan that complies with the terms of this Agreement. Persons who are issued a field release and who fail to appear as instructed are subject to the issuance of a warrant and appropriate sanctions for failure to appear.

33.     All persons previously incarcerated for an alleged failure to pay fines, fees, or costs assessed by the Municipal Court who have outstanding unpaid fines, fees, or costs shall have their remaining debt forgiven at a rate of $100.00 for each day of prior incarceration.[11] All such persons who appear at the Municipal Court to submit payment toward their current

---

[11] Credit for $100 for each day of incarceration shall be the gross amount of credit provided. For example, a person who received credit at a rate of $58 per day while incarcerated shall be given an additional $42 of credit for each day of incarceration. A defendant who received credit at the rate of $25 per day, shall receive an additional $75 credit for each day previously incarcerated.

indebtedness shall be provided with a document stating that all persons previously incarcerated for failure to pay fines, fees, or costs assessed by the Municipal Court who have outstanding unpaid fines, fees, or costs are entitled to receive additional credit for each day of their prior incarceration. All such persons shall be informed that they may appear at the Municipal Court on any Tuesday or Thursday and will be placed on the docket to appear before a judge and be granted this additional credit. If the total amount of forgiveness is equal to or greater than the amount owed, the City will provide a receipt at the hearing which will indicate that the indebtedness has been paid in full and the person's case(s) will be closed.

THE CITY further agrees that:

34.     Secured money bonds will not be used to detain persons arrested for any misdemeanor[12] that may be prosecuted by the City in its Municipal Court.

35.     All persons arrested – with or without a warrant – for any misdemeanor that may be prosecuted by the City in its Municipal Court (subject to the exceptions listed in paragraphs 36 and 37 below) will be released on their personal recognizance as soon as practicable after arrest, subject to the conditions listed in the "CONDITIONS OF RECOGNIZANCE BOND(S) IN THE MUNICIPAL COURT OF JACKSON, MISSISSIPPI" form (Police Use - "Field Release"), which is attached to this Agreement as Appendix 2(A). *See, e.g., Lee v. Lawson*, 375 So.2d 1019 (Miss. 1979). If the arrested person has a documented history of failing to appear in Jackson Municipal Court, such person also shall be released as soon as practicable after arrest, but an unsecured Appearance Bond in an amount not to exceed $1,000 may be imposed. Appearance Bond Form attached hereto as Appendix 3.[13]

---

[12] Reference to "misdemeanor" herein includes all traffic offenses prosecuted by the City of Jackson.

[13] The term "unsecured Appearance Bond" as used herein refers to an amount of money that a defendant may be ordered to pay should s/he fail to appear as ordered by the Court. Such a bond does not require the posting of any

36.     Persons charged with Domestic Violence, Simple Assault, Assault on a Police Officer, Assault on a Minor, Assault with a Deadly Weapon, Shooting in the City, or Stalking may be detained and must be brought before a Municipal Court judge on the next business day after arrest (and in no instance more than 48 hours after arrest[14]) for release on personal recognizance subject to the least restrictive non-monetary conditions necessary to ensure the person's appearance in court and to protect the community.  However, should the arrest take place during the weekend, the judge may set the conditions for release telephonically.  In such cases, the defendant shall be required to appear in court for arraignment on a date and time designated by the Court.  The conditions of release imposed by the Municipal Court judge shall be listed in a "CONDITIONS OF RECOGNIZANCE BOND(S) IN THE MUNICIPAL COURT OF JACKSON, MISSISSIPPI" form ("Court Use"), which is attached to this Agreement as Appendix 2B.  In the matters described in this paragraph, and upon a finding by the Court that additional measures are required to secure the defendant's appearance, an unsecured Appearance Bond in an amount not to exceed $1,000 also may be imposed.  Appearance Bond Form attached hereto as Appendix 3.

37.     Persons arrested who appear to be incapacitated or intoxicated may be held in custody up to four (4) hours before being released on their personal recognizance, subject to the conditions listed in the "CONDITIONS OF RECOGNIZANCE BOND(S) IN THE MUNICIPAL COURT OF JACKSON, MISSISSIPPI" form, which is attached to this Agreement as Appendix 2A (Police Use - "Field Release").

38.     Any person subject to conditions of release other than the requirement to appear in court may, at any time, request a hearing to show good cause why the conditions of his or her

---

security prior to release, does not involve any surety or bondsman, and does not result in any payment obligation unless and until the Court makes a finding that the defendant violated the terms of the bond.
[14] *See County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).

recognizance bond should be modified. The person may appear at the Municipal Court on any Tuesday or Thursday between 9:00 a.m. and 10:00 a.m. and be added to the docket so that s/he may appear before a Municipal Judge to request modification of his/her conditions of release.

39. If a NO CONTACT or STAY AWAY condition prevents a person from accessing personal items, that person will be offered the opportunity to collect his or her personal items with an escort from the City of Jackson Police Department.

40. All persons arrested and released by the City of Jackson shall be notified in writing upon release of the time, date, and place at which they are required to appear in court. If a person released on a recognizance bond fails to appear for a scheduled court date in the Municipal Court, or otherwise fails to comply with the conditions of his or her recognizance bond, a warrant may be issued for his or her arrest. Within 48 hours of being detained for an alleged failure to appear or failure to comply with the conditions of his or her bond, the person shall be offered an opportunity to demonstrate good cause for his or her failure to appear or non-compliance, or to rebut the allegations against him or her, at a hearing, in person or telephonic, before a Municipal Court judge. If no hearing is held within 48 hours of the person's detention, s/he shall be released with instructions to appear before a Municipal Court judge on a specified date. If the Municipal Court judge finds by a preponderance of the evidence that the person willfully failed to appear or violated one or more of the conditions of his or her recognizance bond, without good cause, that person's bond may be revoked and s/he may be detained until his or her case reaches disposition or released subject to additional non-financial conditions. The Municipal Court judge also may release the person subject to any reasonable non-financial conditions, including unsecured bond. If the person previously had been placed on an Appearance Bond, s/he will be eligible for release upon payment of the amount set forth in the

Appearance Bond or upon a determination by the judge that release is appropriate without such payment.

THE CITY further agrees to the following in all cases in the City of Jackson's Municipal Court:

41.     A Public Defender or court appointed attorney shall represent all indigent defendants charged with an offense punishable by confinement. *See, e.g.,* Miss. Code Ann. § 21-23-7.

42.     Municipal Court judges shall conduct a plea colloquy consistent with the provisions of U.C.C.C.R. 8.04 and Fed. R. Civ. P. 11(b) before accepting any guilty plea and shall ensure that the defendant is knowingly and voluntarily entering the plea and waiving his or her state and federal constitutional rights. The plea colloquy shall not be conducted by any employee of the City Prosecutor's Office.

43.     The Municipal Court shall provide each defendant who is adjudicated guilty, by trial or by plea, with written notification that s/he has a right to appeal to the County Court of Hinds County for a trial *de novo. See* Miss. Code Ann. § 99-35-1 & U.C.C.R. 12.02.[15]

44.     The City shall ensure that adequate space is provided such that each defendant who is represented by a Public Defender may have the opportunity to meet privately with the Public Defender, in a confidential space, before he or she decides how to proceed with his or her case. Adequate confidential space will be provided for this purpose in the Municipal Court building. No guilty pleas will be accepted until a Municipal Court judge has ensured that the defendant has had an adequate opportunity to consult privately with his or her appointed attorney and that he or she is satisfied with the advice and representation she has received.

---

[15] *See also Jones v. State,* 972 So.2d 579, 580 (Miss. 2008) (citation omitted) ("A convicted defendant, although he may have pleaded guilty, may take an appeal to circuit or county court and be granted a trial de novo.").

45.     The City shall provide alternative appointed counsel (i.e. "conflict counsel") for eligible indigent defendants who cannot be represented by a Public Defender because of a conflict of interest.

THE CITY further agrees:

46.     To develop and comply with written policies and procedures for providing defendants and the general public with prompt and easy access to public Municipal Court criminal files required to be made available to the public under the Mississippi Public Records Act, and for providing paper copies of those files at a reasonable cost, and at no cost to indigent defendants seeking to challenge the fines, fees, and costs assessed against them or seeking to appeal a Municipal Court judgment.

47.     To train all Municipal Court judges, Municipal Court prosecutors, Municipal Court public defenders, Court Services personnel and other Municipal Court staff regarding the terms and requirements of this Agreement, and all policies and procedures developed in accordance with this Agreement, within 120 days of the entry of this Agreement.

48.     To require all Municipal Court public defenders to attend at least six (6) hours per year of public defender training sponsored or approved by the Office of the State Public Defender.  The Court shall ensure that court appointed counsel and conflict counsel are knowledgeable of this agreement and competent to represent defendants in Jackson Municipal Court.

49.     To inform all Municipal Court judges and other City employees that refusal to comply with the terms of this Agreement will subject them to the City's "progressive disciplinary procedures."[16]

---

[16] The City shall notify Plaintiffs counsel of any material breach of this Agreement by any Municipal Court judge or City employee.

50.	Except where provided for or otherwise herein, to fully implement the terms set forth herein within 120 days of the entry of this Agreement. The implementation process shall begin immediately upon entry of this Agreement, and no person shall be incarcerated for failure to pay fines and fees during this 120-day period without being afforded the full process and protections set forth herein.

51.	To notify Plaintiffs' counsel by email within twenty-four (24) hours of any Municipal Court defendant being incarcerated for willful failure to comply with a payment or community service plan (as discussed in paragraph 24 above), or otherwise incarcerated or detained for nonpayment of fines, fees, and costs. Notification will be sent to Cliff Johnson and Jacob Howard at the following email addresses: cjohnson@macarthurjustice.org and jhoward@macarthurjustice.org. The notification will include the defendant's name, the date of the order incarcerating the defendant, the case number(s), the name of the attorney representing the defendant, and a copy of the Municipal Court judge's written findings. The obligation to provide these notifications will end 180 days from the date this Agreement is executed.

52.	To implement any policies, regulations, or municipal laws that are necessary to fully enforce the terms of this Agreement.

53.	That if any law creates a conflict with the terms of this Agreement, the City will notify Plaintiffs' counsel and the Court as soon as practicable so that appropriate action, if any, can be taken.

The PLAINTIFFS each agree:

54.	To the entry of a final judgment as to all declaratory and injunctive relief.

55.	Not to amend the Complaint in this action or to bring any other action against any Party to this Agreement for any equitable relief which was or could have been sought in this action.

56.     To forego their request for class certification and not hereafter file a Motion for Class Certification.

57.     To notify counsel for the City as soon as practicable after the discovery of any alleged material breach of this Agreement. This notice shall include the specific nature of said breach, the time and date of said breach, the court personnel involved in the breach, and any other details necessary to identify the case or proceeding in which the said breach occurred to the extent the information is available. Said notice shall be conveyed both through email and telephonically to the City Attorney for the City. Plaintiffs will give the City a reasonable opportunity to remedy the alleged breach before seeking relief from the Court.

58.     That their heirs, personal representatives, successors and assigns will be bound by the terms of this Agreement.

ALL PARTIES agree to the following:

59.     During the initial 24 months following entry of the consent decree, counsel for the Parties agree to meet in person at least once every three months to discuss implementation of this Agreement and compliance therewith. Counsel for the Parties agree further that they will meet in person to discuss any disagreements they may have regarding the need for modification of the consent decree prior to either party filing any motion to modify the injunction.

60.     If any provision or term of this Agreement is judicially determined to be invalid, illegal, or unenforceable in any respect, such provision shall still be enforced to the maximum extent possible given the intent of the Parties as expressed within the four corners of this Agreement. If such provision or term cannot be so enforced, such provision or term shall be severed from the Agreement and this Agreement shall be construed and enforced as if such invalid, illegal, or unenforceable provision had never been part of the Agreement. Furthermore, in lieu of any such invalid, illegal, or unenforceable provision or term there shall be added as a

part of this Agreement another provision or term as similar to the invalid, illegal, or unenforceable provision as may be possible.

61. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

_Jerome Bell_        _6-9-2016_
Jerome Bell             Date

_____     _____
James Sheppard           Date

_Marteze Harris_       _6-7-16_
Marteze Harris           Date

_Domonic Butler_      _6-8-16_
Domonic Butler          Date

_Michael Davis_       _6-7-16_
Michael Davis           Date

_Ricky Lambert_       _6-7-16_
Ricky Lambert           Date

_Jermale Walker_     _6-7-16_
Jermale Walker          Date

PLAINTIFFS

_Cliff Johnson_        _6/9/16_
Cliff Johnson           Date
Jake Howard
MacArthur Justice Center at the
University of Mississippi School of Law

_____     _____
Alec Karakatsanis         Date
Equal Justice Under Law

COUNSEL FOR PLAINTIFFS

22

part of this Agreement another provision or term as similar to the invalid, illegal, or unenforceable provision as may be possible.

61. This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

_____
Jerome Bell

_James Sheppard_
James Sheppard

_____
Date  6/7/16 8:07

_____
Date  6/7/16

_____
Marteze Harris

_____
Date

_____
Domonic Butler

_____
Date

_____
Michael Davis

_____
Date

_____
Ricky Lambert

_____
Date

_____
Jermale Walker

_____
Date

PLAINTIFFS

_____
Cliff Johnson
Jake Howard
MacArthur Justice Center at the
University of Mississippi School of Law

_____
Date

_____
Alec Karakatsanis
Equal Justice Under Law

_____
Date

COUNSEL FOR PLAINTIFFS

part of this Agreement another provision or term as similar to the invalid, illegal, or unenforceable provision as may be possible.

61.     This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

_____          _____
Jerome Bell                                              Date

_____          _____
James Sheppard                                        Date

_____          _____
Marteze Harris                                          Date

_____          _____
Domonic Butler                                         Date

_____          _____
Michael Davis                                           Date

_____          _____
Ricky Lambert                                          Date

_____          _____
Jermale Walker                                        Date

**PLAINTIFFS**

_____          _____
Cliff Johnson                                            Date
Jake Howard
MacArthur Justice Center at the
University of Mississippi School of Law

_Alec Karakatsanis_
_____          _____
Alec Karakatsanis                                    Date
Equal Justice Under Law

**COUNSEL FOR PLAINTIFFS**

On Behalf of City of Jackson

Date 6/16/16

Monica Joiner
Gail Lowery
LaShundra Jackson-Winters

Date 6/14/16

COUNSEL FOR DEFENDANTS

# AFFIDAVIT OF SUBSTANTIAL HARDSHIP
## Municipal Court of Jackson, Mississippi
### 327 E. Pascagoula Street, Jackson, Mississippi 39201

STATE OF MISSISSIPPI
COUNTY OF HINDS
CITY OF JACKSON

CASE NUMBER: _____

IN THE __Municipal Court__ COURT OF _____ **The City Of Jackson** _____ , MISSISSIPPI
(Circuit, District, or Municipal)                         (Name of County or Municipality)

_____ **City of Jackson** _____ v. _____
                      Plaintiff(s)                                              Defendant(s)

## SECTION I. - IDENTIFICATION

| Name - Last, First, Middle | | Date of Birth | Spouse Full Name (If Married) |
|---|---|---|---|
| Home Address | City | | Number of People Living in the Household |
| Home Telephone Number | Occupation/Job | | Length of Employment |
| Drivers License Number | Social Security Number | Occupation | |
| Employer | Employer Telephone Number | Employer Address | |

## SECTION II. - ASSISTANCE BENEFITS

Do you or anyone residing in your household receive benefits from any of the following sources? (If so, please check those which apply).

☐ AFDC   ☐ Food Stamps   ☐ SSI   ☐ Medicaid   ☐ Other _____

## SECTION III. - INCOME/EXPENSE STATEMENT

| MONTHLY GROSS INCOME | AMOUNT |
|---|---|
| Monthly Gross Income | $ |
| Spouse's Monthly Gross Income | $ |
| Other Earnings (Bonuses, Interest, etc) | $ |
| Contributions from Other People to Your Household | $ |
| Unemployment, Workers Comp, Social Security, Retirement | $ |
| Other Income (be specific) | $ |
| TOTAL MONTHLY GROSS INCOME | $ |

| MONTHLY EXPENSES | AMOUNT |
|---|---|
| Living Expenses | $ |
| Rent/ Mortgage | $ |
| Total Utilities: Gas, Electricity, Water, etc | $ |
| Food | $ |
| Clothing | $ |
| Health Care / Medical | $ |
| Car Payment(s) / Transportation Expenses | $ |
| Loan Payments | $ |
| Credit Card Payments | $ |
| Educational / Employment Expenses | $ |
| Other (be specific) | $ |
| TOTAL MONTHLY EXPENSES | $ |
| Child Support/Alimony Payments | $ |
| Exceptional Expenses | $ |

GROSS MONTHLY $ _____ LESS MONTHLY EXPENSES $ _____

= DISPOSABLE MONTHLY INCOME $ _____

## SECTION IV. - LIQUID ASSETS:

| LIQUID ASSETS: | AMOUNT |
|---|---|
| Cash on Hand / Bank (or available stocks, bonds, cds, etc) | $ |
| Equity in Real Estate (value of property less what you owe) | $ |
| Equity in personal property, etc (such as value of guns, motor vehicles, stereo, furniture jewelry | $ |
| Other, (be specific) | $ |
| Do you own anything else of value? If so describe | $ |
| TOTAL LIQUID ASSETS | $ |

Examples: land, house, boat, tv, stereo, etc.

## SECTION V. - AFFIDAVIT / REQUEST

I swear or affirm that the answers are true and reflect my current financial status. I understand that a false statement or answer to any question in the affidavit may subject me to the penalties of perjury. I authorize the court or its authorized representative to obtain records of information pertaining to my financial status from any source in order to verify information provided by me. I further understand and acknowledge that, if the court appoints an attorney to represent me, the court may require me to pay all or part of the fees and expenses of my court-appointed counsel.

Sworn to and subscribed before me this

THE _____ DAY OF _____, 20 ___

_____
Judge / Clerk / Notary

_____
Affiant's Signature

_____
Print or Type Name

## APPENDIX

1

**APPENDIX 2A – RECOGNIZANCE BOND FORM (Police Use – "Field Release")**

## CONDITIONS OF SIGNATURE/RECOGNIZANCE BOND(S) IN THE
## MUNICIPAL COURT OF JACKSON, MISSISSIPPI

Name of Defendant: _____

You have been arrested for the following alleged offense(s): _____

_____

**You are being released on your promise to comply with the following conditions:**

1. You must appear before the City of Jackson Municipal Court, 327 East Pascagoula Street, Jackson, Mississippi on the ____ day of _____, at 9:00 a.m.

2. You must also appear before the City of Jackson Municipal Court, as ordered by the Court, for any subsequent hearings

**Your failure to follow the conditions set forth above may result in your arrest and temporary detention. Within 48 hours of being detained for an alleged failure to comply with the conditions set forth above, you shall be offered an opportunity to rebut the allegations or to demonstrate good cause for your non-compliance at a hearing before the Municipal Court. If no hearing is held within 48 hours of your detention, you shall be released with instructions to appear before the Municipal Court on a specified date. If the Municipal Court finds by a preponderance of the evidence that you willfully violated one or more of the conditions set forth above, without good cause, your signature/recognizance bond may be revoked and you may be detained until your case reaches disposition.**

### Acknowledgment of Bond Conditions

I, _____, the Defendant, hereby acknowledge that the conditions set forth above have been explained to me and I agree to abide by them. I understand that any violation of the conditions set forth above may result in my recognizance bond being revoked and my detention until the next court date following my arrest.

_____                    _____
DEFENDANT                                   DATE

**APPENDIX
2A**

## CONDITIONS OF SIGNATURE/RECOGNIZANCE BOND(S) IN THE
## <u>MUNICIPAL COURT OF JACKSON, MISSISSIPPI</u>

Name of Defendant: _____

You have been arrested for the following alleged offense(s): _____

_____

**You are being released on your promise to comply with the following conditions:**

1. You must appear before the City of Jackson Municipal Court, 327 East Pascagoula Street, Jackson, Mississippi on the ____ day of _____, at 9:00 a.m.

2. You must also appear before the City of Jackson Municipal Court, as ordered by the Court, for any subsequent hearings.

3. You must also: _____

_____

_____

_____

_____ ⌐

**Your failure to follow the conditions set forth above may result in your arrest and temporary detention. Within 48 hours of being detained for an alleged failure to comply with the conditions set forth above, you shall be offered an opportunity to rebut the allegations or to demonstrate good cause for your non-compliance at a hearing before the Municipal Court. If no hearing is held within 48 hours of your detention, you shall be released with instructions to appear before the Municipal Court on a specified date. If the Municipal Court finds by a preponderance of the evidence that you willfully violated one or more of the conditions set forth above, without good cause, your signature/recognizance bond may be revoked and you may be detained until your case reaches disposition.**

**At any time, you may request a hearing to modify the above-listed conditions by contacting Court Services at: [INSERT PHONE NUMBER HERE].**

---

[1] The condition(s) listed in paragraph 3 may be modified at any appearance before the Municipal Court upon a showing of good cause by the Defendant or by request of an alleged victim(s). If a NO CONTACT or STAY AWAY condition prevents you from accessing necessary personal items, you may request an opportunity to collect your personal items with an escort from the City of Jackson Police Department.

1

**APPENDIX**
**2B**

## Acknowledgment of Bond Conditions

I, _____, the Defendant, hereby acknowledge that the conditions set forth above have been explained to me and I agree to abide by them. I understand that any violation of the conditions set forth above may result in my recognizance bond being revoked and my detention until the next court date following my arrest.

_____
DEFENDANT

_____
DATE

**CITY OF JACKSON**

v.                                                    Case No. _____

_____

**UNSECURED APPEARANCE BOND**

This is an unsecured bond in the amount of $_____ (not to exceed $1,000).

I, _____ (defendant), agree to follow the orders of this court, and I further agree that this bond may be forfeited if I fail:

    1.    to appear for court proceedings; or
    2.    to comply with the conditions set forth in the Recognizance Bond entered by this court.

I understand that if I comply with the above conditions, this bond will be void. I further understand that if I willfully fail to comply with the above conditions, the court may enter a judgment against me for the amount stated. The Court may order this appearance bond ended at any time. This bond will be satisfied and terminated upon 1) order of the Court; 2) appearance by the defendant as required under the Recognizance Bond; or 3) resolution of the charges against the defendant.

I, the defendant, have read this Appearance Bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

_____          _____
Date                                  Defendant's Signature

                          _____
                          Mailing Address    City    State    Zip

                          _____
                          Home Phone / Work Phone

                          _____
                          Place of Employment

## ACKNOWLEDGEMENT

On _____, 20___, the defendant named above personally appeared in _____, Mississippi and acknowledged that this bond was signed freely and voluntarily for the purposes stated therein.

_____
Municipal Court Clerk