UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEROME BELL, JAMES SHEPPARD,
MARTEZE HARRIS, DOMONIC
BUTLER, MICHAEL DAVIS, RICKY
LAMBERT, JARMALE WALKER, et al.                     PLAINTIFFS

VS.                              CIVIL ACTION NO. 3:15CV732TSL-RHW

THE CITY OF JACKSON, MISSISSIPPI                      DEFENDANT

ORDER

This cause is before the court on the motion of Professional Bail Agents Association of Mississippi, Inc. d/b/a Mississippi Bail Agents for intervention of right, or alternatively, for permissive intervention, pursuant to Rule 24 of the Federal Rules of Civil Procedure. The existing parties have both responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes the motion is not well taken and should be denied.

Following a settlement between the existing parties, this court entered a final judgment in this cause on June 20, 2016, ordering therein that the parties comply with the terms of their settlement agreement, a copy of which was made an exhibit to the court's order. The proposed intervenors seek to intervene to challenge portions of the settlement agreement which they contend violate federal and state constitutional law and statutory law and which impair or impede their own interests. In their opposition

to the motion, the parties point out that since final judgment has been entered, then the proposed intervenors may intervene only if they demonstrate they have Article III standing, which they lack. See Newby v. Enron, 443 F.3d 416, 422 (5th Cir. 2006) ("In the absence of a live controversy in a pending case, an intervenor would need standing to intervene."); State Farm Fire and Cas. Co. v. Hood, 266 F.R.D. 135, 140 (S.D. Miss. 2010) ("[W]here the claims in the main action have been dismissed, whether by decision on the merits or settlement, nonparties seeking intervention must show that they have standing under Article III of the United States Constitution in order to intervene.") (citations omitted, emphasis added).

The proposed intervenors implicitly acknowledge they lack Article III standing,[1] but they argue that "due to the tactics utilized by Plaintiffs in this" and other cases, the doctrine of equitable estoppel should apply to relieve them of meeting the Article III standing threshold. However, "Article III standing is a jurisdictional requirement that cannot be waived," Louisiana Sportsmen All., L.L.C. v. Vilsack, 583 F. App'x 379, 380 (5th Cir. 2014), and is not subject to equitable estoppel, see Inst. of

---

[1] It is the proposed intervenors' burden to establish they have Article III standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). Even had they not conceded their lack of standing, it is clear they have not demonstrated that they have constitutional standing.

2

Cetacean Research v. Sea Shepherd Conservation Soc'y, 153 F. Supp. 3d 1291, 1316 (W.D. Wash. 2015) ("[T]he elements of Article III standing are not equitable; they are constitutionally mandated components of a 'case or controversy' over which federal courts assume subject matter jurisdiction.") (citing Lujan, 504 U.S. at 560, 112 S. Ct. 2130); Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc., 99 F. Supp. 3d 1110, 1140 (C.D. Cal. 2015) ("Article III standing ... pertains to subject matter jurisdiction (which a party cannot be prevented, in equity, from raising)...."); CornerStone Staffing Sols., Inc. v. James, No. C 12-01527 RS, 2014 WL 984673, at *6 (N.D. Cal. Mar. 7, 2014) ("Article III standing is not a discretionary or equitable doctrine. Rather, it is a jurisdictional requirement that can neither be waived by the parties nor ignored by the court.") (internal quotation marks and citation omitted).

Accordingly, as the proposed intervenors lack Article III standing, it is ordered that their motion to intervene is denied.

SO ORDERED this 25th day of August, 2016.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

3